tractors shall be against both the contractor and owner jointly, and no decree or judgment shall be rendered therein until both are duly brought before the court. * * * All such judgments, where the lien is established, shall be against both jointly,'' etc.

Manifestly the word ''owner'' must be construed to mean ''owners'' where the title to the premises is held by more than one person. The only proof on the subject, and that was introduced by plaintiff, was that Mr. and Mrs. Lewis were the owners of the premises in question. It was improper, therefore, to dismiss him out of the case. Under the statute he was a necessary party to the action. The judgment, being against one and not all the owners of the property as well as the contractor, was improperly entered, and will be reversed and the cause remanded.

*Reversed and remanded.*

---

**Frank Sanvaitis, Defendant in Error, v. Swift & Company, Plaintiff in Error.**

**Gen. No. 19,179.  (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 10, 1914.

### Statement of the Case.

Action by Frank Sanvaitis against Swift & Company, a corporation, to recover for personal injuries sustained by plaintiff while employed by defendant in loading cars with ice. The action was based upon defendant's failure to furnish plaintiff a reasonably safe place to work. The facts showed that plaintiff wheeled ice to the edge of a platform and dumped it into a chute, which gave way causing him to be thrown to

the ground and injured. Plaintiff recovered a judgment for three hundred and fifty dollars, and to reverse the judgment defendant brings error.

JOHN CLARK BAKER, for plaintiff in error.

WILLIAM A. BOWLES and JAMES E. BOWLES, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

MASTER AND SERVANT, § 571*—*burden of proof in suit by servant for injuries.* In an action for personal injuries sustained by plaintiff while employed by defendant in loading cars with ice, it appeared that the injury was caused by a defective chute, which gave way when plaintiff dumped ice therein. *Held* that it was incumbent upon plaintiff to prove not only the defect but that he did not know of it and did not have equal opportunities with his master of knowing it, and that in the absence of such proof refusal of court to direct a verdict for defendant was error.

---

## United Breweries Company, Plaintiff in Error, v. G. Bernard Anderson, Administrator, and Edward Swartz, Defendant in Error.

### Gen. No. 19,197. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 10, 1914.

### Statement of the Case.

Action by United Breweries Company, a corporation, against G. Bernard Anderson, administrator of the estate of Alfred Kinell, ·· d Edward Swartz, for